UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AARON BENBOW,                          :
        Plaintiff,                 :
    v.                                 :          C.A. No. 13-757S
                                                       :
A.T. WALL, C/O GRANDPRE,               :
LT. ALVES, and JAMES WEEDEN,           :
        Defendants.                :

### REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

      This is Plaintiff Aaron Benbow's second lawsuit arising from disciplinary penalties imposed on him as a result of a prison altercation and the resulting discipline. His first lawsuit regarding the same incident was dismissed on October 24, 2013. In this second attempt, Plaintiff has again filed a *pro se* civil rights Complaint along with a Motion for leave to proceed *in forma pauperis* ("IFP"); this time he has also included a Motion to appoint counsel and a Motion for service of process. All three Motions have been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A). ECF Nos. 2-4.

      Because Benbow is a prisoner seeking to proceed IFP, this Court is required to screen his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because most of the claims and defendants are the same as those in the first suit, they are barred by *res judicata*, fail to state a claim and are frivolous. Because the new twist in this second lawsuit – introducing a John Doe defendant and an alternative theory of liability – adds a defendant in privity with the original defendants based on a theory arising from the same nucleus of operative facts and is patently inconsistent with the first suit, it is barred by both *res judicata* and judicial estoppel. Accordingly, I recommend that this action be dismissed with prejudice, except for potential

habeas claims, which I recommend be dismissed without prejudice.  I recommend that Plaintiff's

three motions be denied as moot.

## I.      FACTS AND TRAVEL

The event that forms the foundation for this suit ("Benbow II") is the same as the one that

anchored the prior action.  Briefly, on December 23, 2011, Benbow was involved in an

altercation with Defendant Correctional Officer Grandpre at the maximum security unit of the

Rhode Island Adult Correctional Institutions ("ACI") during which Benbow threw punches,

applied a headlock and spit blood.  Officer Grandpre filed disciplinary charges to which Benbow

pled not guilty, disputing that he spit blood though not contesting the remainder of the

allegations.  Benbow did not attend the resulting December 30, 2011, disciplinary hearing; he

received disciplinary segregation for one year and one year's loss of good time credit.  Benbow

v. Weeden, CA 13-334 ML, 2013 WL 4008698, at *1-2 (D.R.I. Aug. 5, 2013) ("Benbow I").

In Benbow I, Plaintiff sued under 42 U.S.C. § 1983 alleging a potpourri of due process

violations arising from the altercation and resulting discipline.  He accused Officer Grandpre of

filing a false charge that he spit blood.  Without accusing a named defendant, he complained of

not receiving twenty-four hours advance notice of the disciplinary hearing.  He alleged that

Lieutenant Alves failed to perform an independent investigation of the incident and that neither

Alves nor Warden Weeden wrote detailed reasons for their findings in support of the disciplinary

penalties.  Finally, he faulted Director Wall for not responding to his request for an investigation.

In his prayer for relief, Benbow sought money damages, removal from disciplinary segregation,

expungment of the disciplinary hearing and restoration of his good time credits.

On August 5, 2013, the Benbow I Court issued a written decision after screening,

concluding that the complaint was frivolous and failed to state a claim for due process against

each of the named defendants.[1]  With respect to Officer Grandpre, the Court held that prisoners have no freestanding liberty interest in not having a false booking charge leveled against them. As to Lieutenant Alves and Warden Weeden, the Court observed that Plaintiff attached their written findings to the complaint, which demonstrated that their actions comported with due process.  Regarding Director Wall, the Court found that Plaintiff alleged no facts to support a claim, whether through direct or supervisory liability.  Benbow I also identified fundamental legal problems with Plaintiff's claims.  Most important, Benbow's refusal to attend the disciplinary hearing because he was upset about the charge of spitting blood and to avoid self-incrimination constituted a strategic and voluntary decision not to defend himself that waived his due process rights.  Further, his loss of good time credits did not implicate a liberty interest that gave rise to a due process right.  Similarly, his prayers for restoration of good time credits and expungment could not be achieved in a § 1983 action; those claims were dismissed without prejudice to bringing them in a habeas proceeding.

Benbow I did not hold that the complaint was beyond all hope of redemption.  While it failed to allege that one year in disciplinary segregation gave rise to an "atypical and significant" hardship under Sandin v. Conner, 515 U.S. 472, 484 (1995), the Court observed that an amended complaint conceivably could fill this hole and thus state a due process claim.  Benbow I, 2013 WL 4008698, at *4, 8-9.  Accordingly, the Court gave Benbow thirty days to amend; if nothing was timely filed, the Court ordered that the action be dismissed with prejudice, except for claims related to good time credits and expungment that should have been brought in a habeas proceeding, which were to be dismissed without prejudice.  Benbow I (ECF No. 6).

---

[1] For brevity's sake, the conclusions of law are summarized here; the curious reader is referred to the full text for the Court's legal reasoning.

On August 29, 2013, the Court received a letter dated August 6, 2013, from Plaintiff stating:

> I would like to put this complaint on hold until the near future.  I'm stuck in a hard place right now.  I was beat up by D.O.C. staff and I'm unable to retrieve any legal paperwork.  They threw it away.  I'm lost in all this law stuff right now.  I would like to file again later on down the line.

Benbow I (ECF No. 7).  Construing this as a motion for extension of time to file an amended complaint, the Court extended the deadline to October 3, 2013, warning that "NO FURTHER EXTENSIONS WILL BE GRANTED."  Benbow I (Text Order Sept. 3, 2013) (emphasis in original).  October 3, 2013, came and went without a new complaint.  On October 24, 2013, the Court dismissed Benbow I, with and without prejudice based on the prior order, noting that "this Court granted Plaintiff an extension to . . . file an Amended Complaint.  Plaintiff has failed to file."  Benbow I (ECF No. 8).  Notably, during October 2013, while he did not take any action regarding Benbow I, he was well able to prepare court filings – on October 21, 2013, he filed another lawsuit, based on the allegation that he was "beat up by D.O.C. staff."  See Benbow v. Wall, CA 13-700ML (Oct. 21, 2013).[2]  On the due date for the Benbow I amended complaint, October 3, 2013, he signed the IFP motion for the new suit.  Id. (ECF No. 2 at 2).

Plaintiff surfaced on December 2, 2013, with Benbow II.  As in Benbow I, Benbow II recounts the same December 23, 2011, altercation and discipline, names the same four defendants, Director Wall, Warden Weeden, Lt. Alves and Officer Grandpre and makes essentially the same § 1983 due process claims: that false disciplinary charges were filed and that there was not adequate justification for disciplinary segregation and loss of good time credits.  However, Benbow II contains several wrinkles not present in Benbow I.  First, in Benbow II, Plaintiff names a new defendant, a John Doe correctional officer, who allegedly violated due

---

[2] That suit and another, Benbow v. Figuerido, CA 13-184S (Mar. 22, 2013), are currently pending in this Court.  All told, one of Benbow's suits has been dismissed and three remain pending.

process by "repeatedly threaten[ing] bodily harm" to Benbow and "whoever else was involved in the . . . altercation," thereby causing him and several other inmates to be fearful of retaliation. As a result, Benbow and the unnamed others were afraid to leave their cells to attend Benbow's disciplinary hearing. Second, Benbow II provides an update on the state criminal proceeding arising from the altercation: Benbow pled *nolo contendere* to two counts of assault by a custodial unit inmate, receiving concurrent fifty-one month sentences; the charges for assault on a correctional officer and assault with bodily fluid were dismissed. Third, Benbow II adds two state law claims for false imprisonment and negligence against Lt. Alves and Warden Weeden for imposing disciplinary segregation and loss of good time credits in connection with the same incident. Finally, Benbow II omits the allegations from Benbow I against Director Wall and the claim that he did not receive twenty-four hour advance notice of the disciplinary hearing.

## II.      STANDARD OF REVIEW

Because Benbow seeks to proceed IFP, his Complaint is subject to preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. These statutes authorize federal courts, at any time, to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Id.; see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same as for a Rule 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed.

R. Civ. P. 12(b)(6). Well-pled allegations are accepted as true and the Court "scrutinize[s] the complaint in the light most favorable to the plaintiff." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Although this Court construes pleadings of a *pro se* plaintiff "liberally," Estelle v. Gamble, 429 U.S. 97, 106 (1976), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Dismissal for frivolousness must clear a higher bar under §§ 1915(e)(2) and 1915A than dismissal for failure to state a claim. Neitzke, 490 U.S. at 329. Complaints are frivolous if they lack "an arguable basis either in law or in fact." Id. at 325. Complaints containing an "indisputably meritless legal theory" are also frivolous; so too are "claims whose factual contentions are clearly baseless." Id. at 327. Examples of claims with an "indisputably meritless legal theory" include "claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." Id. (internal citation omitted). Similarly, a complaint is malicious when it duplicates the allegations in a dismissed lawsuit previously filed by the same plaintiff. Uzamere v. United States, CA 13-505 S, 2013 WL 5781216, at *17 (D.R.I. Oct. 25, 2013); McMann v. Cent. Falls Det. Facility Corp., CA 13-570 ML, 2013 WL 5565507, at *3 (D.R.I. Oct. 8, 2013).

### III.   SCREENING OF THE COMPLAINT

#### A.  Named Defendants – *Res Judicata*, Failure to State a Claim and Frivolousness

Under the doctrine of *res judicata*, a final judgment on the merits precludes a party from re-litigating claims that were or could have been raised in a prior action. Haag v. United States, 589 F.3d 43, 45 (1st Cir. 2009); Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994). *Res judicata* is an affirmative defense and a question of law, but even without a motion, a court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent

with the *res judicata* policy of avoiding judicial waste.  <u>Koolen v. Mortg. Elec. Registration Sys.,</u> <u>Inc.</u>, CA 12-951-M, 2013 WL 3289111, at *2 n.1 (D.R.I. June 28, 2013).

    *Res judicata* promotes judicial efficiency and prevents claim-splitting by requiring litigants to assert all of their factual allegations and legal theories arising out of the claim the first time they come to court.  <u>Maher v. GSI Lumonics, Inc.</u>, 433 F.3d 123, 126 (1st Cir. 2005); <u>see also</u> <u>Gonzalez</u>, 27 F.3d at 757 ("The doctrine of res judicata serves many desirable ends, among them finality and efficiency").  "[T]he elements of res judicata are (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits."  <u>Haag</u>, 589 F.3d at 45 (quoting <u>Gonzalez</u>, 27 F.3d at 755).  With respect to identicality, the First Circuit employs a transactional analysis whereby it examines whether "both sets of claims – those asserted in the earlier action and those asserted in the subsequent action – derive from a common nucleus of operative facts."  <u>Id.</u> at 46. "Put another way, 'as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical.'"  <u>Id.</u> (quoting <u>Kale v. Combined Ins. Co.</u>, 924 F.2d 1161, 1166 (1st Cir. 1991)).

    Here, the elements of *res judicata* are easily satisfied for all <u>Benbow II</u> claims against Director Wall, Warden Weeden, Lt. Alves and Officer Grandpre.  Each was a named defendant in <u>Benbow I</u>, the Court dismissed claims against them with prejudice, and the <u>Benbow II</u> allegations arise out of same incident as <u>Benbow I</u>, the altercation involving Officer Grandpre and the resulting disciplinary hearing and decision.  <u>See</u> <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008); <u>Haag</u>, 589 F.3d at 45-46.  Accordingly, all claims against Director Wall, Warden

Weeden, Lt. Alves and Officer Grandpre, whether they were brought in the prior action (due process), or not (false imprisonment or negligence), are barred by *res judicata*.

In considering failure to state a claim and frivolousness, the linchpin is that <u>Benbow II</u> does not address the deficiencies identified in the <u>Benbow I</u>; accordingly, the reasoning employed in <u>Benbow I</u> resulting in the conclusion that Plaintiff failed to state a claim applies with equal force in <u>Benbow II</u>.  Just as in <u>Benbow I</u>, in <u>Benbow II</u> Plaintiff does not have a freestanding liberty interest in not having Officer Grandpre level a false booking charge against him and Lieutenant Alves and Warden Weeden made adequate written findings.  Nor can Plaintiff use a § 1983 action for expungment of the disciplinary hearing or restoration of his good time credits without first resorting to a habeas proceeding.  Moreover, the reassertion of these failed allegations against Warden Weeden, Lt. Alves and Officer Grandpre is now frivolous because the claims in <u>Benbow II</u> are based on meritless legal theories previously disposed of in <u>Benbow I</u>.  <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A;  <u>Neitzke</u>, 490 U.S. at 328-29.  Even more frivolous is <u>Benbow II</u>'s new claim against Director Wall – it now contains no factual allegations.  Finally, Plaintiff's criminal conviction based on a plea of *nolo contendere* for two counts of assault in the state criminal proceeding further undermines his claim that the discipline imposed was tainted by due process violations.

To summarize, I find that all of the claims in <u>Benbow II</u> against the named defendants fail because they are barred by *res judicata*, fail to state a claim and are frivolous.  Accordingly, I recommend that they be dismissed.[3]

### B.  John Doe Defendant – *Res Judicata* and Judicial Estoppel

---

[3] To be clear, this recommendation would not prevent Plaintiff from seeking expungment and restoration of good time credits in a habeas proceeding because those claims are dismissed without prejudice.  As to the balance of the recommended disposition, Plaintiff is warned that, if this recommendation is adopted by the District Court, it constitutes a "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

Whether Plaintiff's claim against the new John Doe correctional officer is barred by *res judicata* requires a more nuanced analysis. In this Circuit, *res judicata* bars not just claims against identical defendants, but also claims against those in privity with the original parties. Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 52 (1st Cir. 2008). Traditionally, "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [government] is res judicata in relitigation of the same issue between that party and another officer of the government." Cruz Berrios v. Gonzalez-Rosario, 630 F.3d 7, 14 (1st Cir. 2010) (quoting Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940)); see Powell v. Snyder, 84 F. App'x 650, 651-52 (7th Cir. 2003) (government and its officers in privity so suit against prison officials in individual capacities barred by *res judicata* effect of prior suit against state and Department of Corrections for same incident).

Here, Benbow II describes John Doe as another "correctional officer employed by the A.C.I." ECF No. 1-1, at 2 ¶ 8. Like the named correctional officers, he is sued in both his individual and official capacities and is alleged to have "acted and continue[d] to act under color of State law." Id. ¶¶ 5-7, 9. The conduct of which he is accused arises from the same altercation and disciplinary hearing that is the focus of Benbow I. Id. ¶¶ 15-16. Under such circumstances, he is in sufficient privity with the correctional officers named in Benbow I for *res judicata* to bar the claim. See Shockley v. Hosterman, 279 F. App'x 98, 99 (3d Cir. 2008) ("[prisoner's] attempt to add John Doe Prison Officials to the other defendants he named before does not change this conclusion because they are all prison officials in privity with one another"); Barclay v. Lowe, 131 F. App'x 778, 779 (2d Cir. 2005) (when prisoner sues again for retaliation and false disciplinary charges, but names different prison officials than he did in first suit, privity with

original defendants results in holding that second suit barred by *res judicata*); Warren v. McCall, 709 F.2d 1183, 1185 (7th Cir. 1983) (privity exists when prisoner sues employees of same government agency); McCarroll v. U.S. Fed. Bureau of Prisons, 3:11-CV-934 VLB, 2012 WL 3940346, at *8 (D. Conn. Sept. 10, 2012) ("Courts have long recognized that privity exists between coemployees or employees and their employers for res judicata purposes") (citing cases).

Mindful of the need to construe this *pro se* Complaint liberally, Estelle, 429 U.S. at 106, consideration should be given to whether it might be argued that *res judicata* should not apply because Plaintiff's allegation that John Doe's physical threats give rise to a retaliation claim is sufficiently different from the facts in Benbow I as to support the conclusion that it is not "based on the same nucleus of operative facts." Andrew Robinson Int'l, Inc., 547 F.3d at 52. This approach is unavailing - more appropriate is the line of reasoning that focuses on the reality that the nucleus of operative facts in Benbow I and in Benbow II is the same altercation and resulting discipline; accordingly, *res judicata* is a bar. See Barclay, 131 F. App'x at 779 (in addition to new prison officials, new complaint added new factual allegation of a new retaliatory assault; because the new assault allegedly occurred prior to filing of original complaint, it could have been included; despite new facts, new complaint barred by *res judicata*).

In addition to preclusion based on *res judicata*, the Doe claim also fails because of judicial estoppel.

Judicial estoppel is an equitable doctrine invoked by the Court at its discretion to prevent a litigant from pressing a claim inconsistent with a position taken by that litigant in a prior legal proceeding. Knowlton v. Shaw, 704 F.3d 1, 10 (1st Cir. 2013); Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 32-33 (1st Cir. 2004). It protects the integrity of the courts by

preventing parties from manipulating the machinery of the judicial system.  Knowlton, 704 F.3d at 10; Alt. Sys. Concepts, Inc., 374 F.3d at 33 (1st Cir. 2004); see also Rockwood v. SKF USA Inc., 687 F.3d 1, 11 (1st Cir. 2012).  Although the contours of judicial estoppel are "hazy," the First Circuit considers three factors.  Knowlton, 704 F.3d at 10.  First, a party's earlier and later positions must be "clearly inconsistent."  Id.  Second, the party must have succeeded in persuading a court to accept the party's earlier position.  Id.  Third, the party seeking to assert the inconsistent position must stand to derive an unfair advantage if the court accepts the party's new position.  Id.

Judicial estoppel applies here.  Plaintiff pled in Benbow I that he did not attend the disciplinary hearing because he was upset at the spitting charge and concerned about self-incrimination as he faced possible state criminal charges; this is squarely contradicted by his stated reason for not attending in Benbow II – because an unnamed John Doe correctional officer repeatedly threatened violence against him and other prisoners if they attended the hearing.  See Alt. Sys. Concepts, Inc., 374 F.3d at 35 (judicial estoppel appropriate when no indication of attempt to plead in alternative).  In Benbow I, the Court accepted Plaintiff's version of events as stated in the complaint because it assumed all facts to be true for screening; Benbow I holds that Plaintiff waived his due process rights by his strategic decision not to attend the hearing because he was upset by the spitting charge and wanted to avoid self-incrimination.  See Rockwood, 687 F.3d 11 (judicial estoppel appropriate when court accepted party's representation at summary judgment).  The assertion of Plaintiff's newfound and starkly inconsistent claim against John Doe amounts to "improperly manipulating the machinery of the judicial system," which judicial estoppel is intended to prevent.  Knowlton, 704 F.3d at 10; see Patriot Cinemas, Inc. v. Gen.

Cinemas Corp., 834 F.2d 208, 212 (1st Cir. 1987) (judicial estoppel designed to stop intentional self-contradiction).

For these reasons, I find that the claim in Benbow II against the John Doe defendant fails because it is barred by *res judicata* and judicial estoppel. Accordingly, I recommend that it be dismissed.

### C. Even if Construed as a Rule 60 Motion to Reopen Benbow I, Benbow II Should Not Be Permitted to Proceed

The Benbow I Court gave Plaintiff thirty days to file an amended complaint after generously construing his letter dated August 6, 2013, as a request for additional time. Plaintiff blew the deadline and then attempted to make up for it by filing Benbow II. Since Plaintiff is in prison, where delays can occur in sending and receiving court papers,[4] and mindful of the liberality owed to *pro se* litigants, Plaintiff's new Benbow II Complaint should be considered as a motion to reopen Benbow I under Rule 60(b) of the Federal Rules of Civil Procedure. Under that provision, a court may relieve a party from a final judgment for certain specified grounds, including: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged or otherwise cannot be equitably enforced; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Rule 60(b) is extraordinary in nature and motions brought under it should be granted sparingly. Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009). A party seeking relief under Rule 60(b) must demonstrate, inter alia, that exceptional circumstances exist favoring extraordinary relief. Id.; see also Bibby v. Petrucci, C.A. No. 07-463-S, 2009 WL 4639101, at

---

[4] Plaintiff does not appear to be unduly hampered by his circumstances. For example, he responded to the Court's August 5, 2013, decision in Benbow I by writing a letter dated August 6, 2013, one day later. The letter was received by this Court on August 29, 2013.

*2 (D.R.I. Dec. 7, 2009).  This Court has broad discretion to determine whether such

circumstances exist.  Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir.

2001).  "The bar for such relief is set high because, as the Supreme Court noted . . . '[t]here must

be an end to litigation someday . . . ,' and therefore district courts must weigh the reasons

advanced for reopening the judgment against the desire to achieve finality in litigation."  Zang,

248 F.3d at 5-6 (1st Cir. 2001) (quoting Ackermann v. United States, 340 U.S. 193, 198 (1950)).

    None of the enumerated grounds set forth in Rule 60(b) apply here.  Plaintiff does not

claim – nor could he – mistake, surprise or neglect, fraud, that the judgment is void or that the

judgment has been reversed or vacated.  Nor do any of the claims he asserts in Benbow II result

from newly discovered evidence or extraordinary circumstances.  The vast majority of

allegations in Benbow II are re-runs of Benbow I.  Plaintiff also ignored the directive in the

Benbow I Court's August 5, 2013, Order by failing to allege in Benbow II how his one year in

disciplinary segregation was an "atypical and significant" hardship.  His allegations against John

Doe fare no better; he could have made them in Benbow I because he must have known about

the threats before filing the complaint.  Finally, Benbow's court filings in his newest case

demonstrate he was capably preparing filings in other matters during the period when he could

have been working on and filing an amended complaint in Benbow I.  Benbow v. Wall, CA 13-

700ML (D.R.I. Oct. 21, 2013) (ECF No. 2 at 2) (IFP application signed on October 3, 2013).

Clearly, Benbow's mind was elsewhere; Rule 60(b) requires more.

## IV.    CONCLUSION

    Benbow II is entirely barred by *res judicata* and should be dismissed with prejudice on

that basis, as well as because much of it fails to state a claim and is frivolous; the allegations

against John Doe are barred by judicial estoppel.  The record is also devoid of any reason for

granting extraordinary relief under Fed. R. Civ. P. 60.  Accordingly, based on screening, I recommend the <u>Benbow II</u> Complaint be dismissed with prejudice,[5] except for the potential habeas claims which I recommend be dismissed without prejudice.  <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's Motions for IFP, to appoint counsel and for service of process should be denied as moot.  ECF Nos. 2-4.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its service.  <u>See</u> Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  <u>See</u> <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 13, 2014

---

[5] When a *pro se* prisoner complaint fails to state a claim but is not frivolous, the First Circuit has cautioned against *sua sponte* dismissal with prejudice "without affording plaintiff notice and an opportunity to be heard."  <u>Street v. Fair</u>, 918 F.2d 269, 272 (1st Cir. 1990) (per curiam).  Instead, district courts are advised to give plaintiffs "some form of notice and an opportunity to cure the deficiencies in the complaint."  <u>Brown v. Rhode Island</u>, No. 12-1403, 2013 WL 646489, at *4 (1st Cir. Feb. 22, 2013) (per curiam).  I do not recommend an opportunity to amend <u>Benbow II</u> because that opportunity has already been provided with respect to the underlying altercation and resulting discipline.